# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| GENE CAMARATA,<br><br>                Plaintiff,<br>   v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, KEVIN QUIGLEY, DAVID STILLMAN, and TIMOTHY SHELP,<br><br>                Defendants. | CASE NO. 3:17-cv-05878-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO THURSTON COUNTY SUPERIOR COURT |

      THIS MATTER comes before the Court on Plaintiff's Motion to Remand to Thurston County Superior Court. Dkt. 14. The Court has considered the motion, Defendants' Response (Dkt. 15), and the remainder of the file herein. Plaintiff did not file a Reply.

      Plaintiff seeks remand under 28 U.S.C. 1447 for untimely removal from Thurston County Superior Court on the basis that removal occurred more than 30 days after receipt of the Complaint. The motion should be denied, because (1) actual service of process is a prerequisite for the running of the 30-day removal period, *Murphy Bros. and Michetti Pipe Stringing, Inc.*,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO THURSTON COUNTY SUPERIOR COURT - 1

526 U.S. 344 (1999); and (2) Plaintiff served Defendant Quigley on September 27, 2017, a date within 30 days of removal, October 27, 2017, and although Plaintiff served Defendant DSHS on October 28, 2016, this circuit has rejected the first-served rule in favor of the later-served rule, *Desfino v. Reiswig*, 630 F.3d 952, 955-58 (9th Cir. 2011).

## BACKGROUND

The parties agree on the facts essential to the merits of this motion.

Plaintiff served the Complaint on Defendant DSHS on October 28, 2016 and filed the Complaint and summons in Thurston County Superior Court on January 26, 2017. The Complaint names four defendants, DSHS, Kevin Quigley, David Stillman, and Timothy Shelp, and all four defendants are represented by the same Assistant Attorney General. The Complaint alleges state law claims and constitutional violations under 28 U.S.C. §1983.

While the case proceeded in Thurston County Superior Court, the Assistant Attorney General filed pleadings on behalf of all four defendants, including an Answer to the Complaint raising the insufficient service of process, and a Scheduling Questionaire requesting that the matter be set for trial. On August 25, 2017, Defendant DSHS filed a motion for summary judgment that included the Complaint as an attachment, and the Thurston County Superior Court granted summary judgment in part, dismissing state law tort claims against Defendant DSHS without prejudice for Plaintiff's failure to observe a required 60-day waiting period. Approximately 60 days later, Plaintiff re-filed a nearly identical complaint in Thurston County Superior Court. The defendants in that case also removed, and that case is before this Court. Western Dist. Wash. Cause No. 3:17-cv-05879-RJB[1].

---

[1] Plaintiff has not sought remand in the other case.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO THURSTON COUNTY SUPERIOR COURT - 2

Prior to removal, Plaintiff personally served Defendant Quigley with the Complaint and summons on September 27, 2017. Defendant Shelp was personally served on October 2, 2017, and Defendant Stillman has yet to be served.

All four of the defendants jointly removed the case on October 27, 2017. Dkt. 1.

Plaintiff filed the Motion to Remand on November 27, 2017. Dkt. 14.

## DISCUSSION

According to Plaintiff, the removal by Defendants is untimely under 28 U.S.C. 1446(b). The statute provides:

> The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Sec. 1446(b)(1).

Plaintiff argues that all defendants had "received" the Complaint sufficient for §1446(b) purposes at least as of February 1, 2017, the date that all four defendants, with the same attorney, answered the Complaint in Thurston County Superior Court. Further, Plaintiff argues, that attorney's receipt of the Complaint is shown by its attachment as an exhibit to a motion for summary judgment filed by Defendant DSHS on August 25, 2017 in Thurston County Superior Court.

Plaintiff's argument is an attempt to circumvent the holding in *Murphy Bros*. *Murphy Bros.* considered how expansively to interpret the phrase "service or otherwise," where the defendant had received a "courtesy copy" of the file-stamped complaint but was not formally served the complaint until a later date. In answering the question of whether service of process is

ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO THURSTON COUNTY SUPERIOR COURT - 3

a prerequisite for running the 30-day removal period under §1446(b), the Supreme Court of the United States held:

> [A] named defendant's time to remove is triggered by simultaneous service of the summons of the complaint, or receipt of the complaint "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Murphy Bros*, 526 U.S. at 347-48. The Court reasoned that "[w]hen Congress enacted §1446(b), the legislators did not endeavor to break away from the traditional understanding" of service of process, a "longstanding tradition in our justice system [] fundamental to any procedural imposition on a named defendant." *Id*. at 350. Applied here, even if Defendants Quigley and Shelp knew of the Complaint through their attorney, who also represents Defendant DSHS (who undisputedly was properly served), *Murphy Bros*. requires actual service of process, not an approximation thereof.

Plaintiff's attempts to distinguish this case from *Murphy Bros*. are unavailing. Plaintiff first notes that, unlike in *Murphy Bros*., in this case, "the individual Defendants actually appeared in state court and fully answered the complaint on February 1, 2017." Dkt. 14 at 3. However, the February 1, 2017 appearance, which was an Answer to the Complaint, <u>raised</u> lack of/insufficient service of process, Dkt. 8 at 16, and there is no showing that the Thurston County Superior Court ever resolved the merits of the service of process of issue. *See generally*, Dkt. 8.

Plaintiff also argues that this case is distinguishable from *Murphy Bros*. because "Defendants moved for summary judgment regarding claims against DSHS . . . [and] Defendants even filed a copy of the complaint themselves," an argument that sounds in equity. Dkt. 14 at 3. *Murphy Bros*. did not squarely address the issue of what happens if a defendant proceeds far into the merits of a case and later raises insufficient service of process. This Court need not reach the issue, because it is Defendant DSHS, not all four of the defendants, that brought the motion for

summary judgment, so there is no record that the individual Defendants proceeded on the merits and later raised insufficient service of process. *See* Dkt. 8 at 35. The Complaint filed was attached to the summary judgment motion filed by Defendant DSHS.

Finally, Plaintiff argues that Defendants "waited until the state judge made an unfavorable ruling on September 29, 2017, before finally removing the case on October 27, 2017." Dkt. 14 at 3. Plaintiff is correct about the timing of removal with relation to the Thurston County Superior Court's ruling on Defendant DSHS' summary judgment motion, but removal also occurred exactly 30 days after Plaintiff served Defendant Quigley. Plaintiff's September 27, 2017 service on Defendant Quigley occurred nearly one year after Plaintiff had served Defendant DSHS, and it is Plaintiff, not the defendants, who controls whether to "bring about quick determination of the forum by serving all defendants promptly." *Desfino*, 630 F.3d at 956.

Whether by accident or strategic calculation, Plaintiff did not serve Defendant Quigley and Defendant Shelp at the same time as Defendant DSHS, creating a gap between two sets of service of process. In *Desfino*, the Ninth Circuit addressed what happens with such a gap. *Desfino* answered the question of whether "the first-served defendant's thirty-day clock runs for all subsequently served defendants (the first-served rule), or [whether] each defendant get[s] his [or her] own thirty days to remove after being served (the later-served rule)[.]" *Desfino*, 630 F.3d at 955. After weighing other circuits' decisions, the Ninth Circuit adopted the later-served rule "as the wiser and more equitable approach," "for reasons grounded in statutory construction, equity and common sense." *Id*. at 955-56. Plaintiff has provided no reason to depart from *Desfino*, which controls.

Because Defendants' removal was timely, remand to Thurston County Superior Court is not warranted and Plaintiff's motion should be denied.

This Order makes no finding as to the merits of any claims.

* * *

Plaintiff's Motion to Remand (Dkt. 14) is DENIED.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of January, 2018.

ROBERT J. BRYAN
United States District Judge